UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-14165-Middlebrooks/McCabe

JOSHUA S. RHODEN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on an Order of Referral from United States District Judge Donald M. Middlebrooks (DE 17) to review a decision of the Commissioner of Social Security ("Commissioner") denying the application of Plaintiff Joshua S. Rhoden for Disability Insurance Benefits ("DIB"). Plaintiff presents three issues for review:

1. Whether the Administrative Law Judge ("ALJ") erred in evaluating the medical and opinion evidence in assessing Plaintiff's Residual Functional Capacity ("RFC").

2. Whether the ALJ erred in evaluating Plaintiff's subjective complaints of disabling symptoms.

3. Whether the ALJ erred by giving the Vocational Expert ("VE") an incomplete hypothetical.

Plaintiff has timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for judicial review. After careful consideration of the administrative record and the parties' briefs, the undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

**I.      BACKGROUND**

On December 16, 2013, Plaintiff filed an application for DIB, with a claimed disability onset date of October 16, 2018 (R. 65, 213-14).[1] After the application was denied at the lower levels, Plaintiff requested an administrative hearing, which took place on August 10, 2021 (R. 34-64, 116-122, 127-139, 140-144). Following the hearing, the ALJ issued an unfavorable decision (R. 7-28).

The ALJ's decision analyzed Plaintiff's case following the five-step process set forth in 20 C.F.R. §§ 404.1520(a)(4)(i-v) and 416.920(a)(4)(i-v). *See Santos v. Soc. Sec. Admin., Comm'r*, 731 F. App'x 848, 852 (11th Cir. 2018) (explaining how the ALJ engages in the five-step process). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 16, 2018 (R. 12). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: proximal atrial fibrillation; ablation; cardiomyopathy; hypertension; obesity; degenerative joint disease of the lumbar spine; and history of cerebral infarction (R. 13).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 14). Next, the ALJ found that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that:

- Plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently;
- Plaintiff can stand and walk for a total of 6 hours in an 8-hour workday, 2 hours at a time;
- Plaintiff can sit for a total of 6 hours in an 8-hour workday
- Plaintiff should never climb ladders, ropes, or scaffolds;
- Plaintiff can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl;

---

[1] The record on appeal is located at docket entry 11.

- Plaintiff should avoid even moderate exposure to extreme cold, extreme heat, humidity, and wetness; and
- Plaintiff should avoid all exposure to unprotected heights and moving mechanical parts.

(R. 15-16).

At step four, the ALJ found that Plaintiff could not perform his past relevant work, generally and as actually performed, as a corrections officer and deputy sheriff (R. 21). At step five, the ALJ found that other jobs exist in significant numbers in the national economy that Plaintiff can still perform, considering his age, education, work experience, and RFC (R. 21). Specifically, the ALJ found Plaintiff can still perform the duties of housekeeping cleaner, folder, and inspector (R. 22). As a result, the ALJ found Plaintiff not disabled (R. 21).

On March 21, 2022, the SSA Appeals Council denied Plaintiff's request for review (R. 1-6). This appeal followed pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (cleaned up). A reviewing court must regard the Commissioner's findings of fact as conclusive so long as they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence is … more than a scintilla … and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

A reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (cleaned up). So long as substantial evidence supports the Commissioner's decision, and

the Commissioner followed proper legal standards, this Court must affirm, even if the Court would have reached a contrary result as finder of fact, and even if the Court finds that the evidence preponderates against the Commissioner's decision. *See Winschel*, 631 F.3d at 1178; *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

### III.   DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds, each of which the Court will address below.

#### A.   Evaluation of Medical and Opinion Evidence

Plaintiff first challenges the ALJ's formulation of the RFC, which represents the most a claimant can still do despite his or her limitations. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), (a)(3); Social Security Ruling (SSR) 96-8p, 61 Fed. Reg. 34,474-01 (July 2, 1996). Plaintiff argues the ALJ failed to properly assess certain categories of medical and opinion evidence, thereby causing the ALJ to arrive at an erroneous RFC conclusion. As set forth below, the Court disagrees and finds the RFC to be supported by substantial evidence and based on proper legal standards. The Court addresses each of Plaintiff's arguments in turn.

##### 1.   Medical Opinion of Dr. Chernobelsky

Plaintiff argues the ALJ failed to "discuss or consider" reports offered by Plaintiff's treating cardiologist, Dr. Alexander Chernobelsky, which indicated that Plaintiff "could not return to work" (DE 16 at 15; R. 437, 439, 441, 443). The Court finds no error here because Dr. Chernobelsky's opinion pertained to Plaintiff's ability to work – an issue reserved solely for the ALJ. *See* 20 C.F.R. § 404.1520b(c)(3)(i). When a medical provider renders an opinion on the

4

ability to work, the SSA regulations regard the opinion as "inherently neither valuable nor persuasive." § 404.1520b(c), (c)(3); *see also Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *1 (11th Cir. Aug. 30, 2022) (finding the ALJ properly discounted physician's statement that claimant was not "able to work, or able to perform regular or continuing work"); *Roussin v. Comm'r of Soc. Sec.*, 2:20-CV-905-SPC-MRM, 2021 WL 6205948, at *7 (M.D. Fla. Dec. 16, 2021) (finding the ALJ need not consider opinions on issues reserved to the ALJ by SSA regulations).

### 2. **Medical Opinion of Dr. Arain**

Plaintiff next points to the medical opinion of another treating cardiologist, Dr. Shakoor Arain, who opined that Plaintiff could stand for no more than thirty minutes at a time, sit no more than thirty minutes at a time, lift no more than ten pounds occasionally, and lift no more than five pounds frequently (DE 16 at 16-17; R. 1378). The ALJ discussed Dr. Arain's opinion in his written decision, finding it "not persuasive" because it was "neither supported by this provider's records nor consistent with the complete record" (R. 20).

The Court finds no error because substantial evidence supported the ALJ's conclusion. Dr. Arain's own treatment records, for example, showed that Plaintiff's stress test (R. 1010-11), electrocardiograms (R. 992, 1000), and musculoskeletal exams (R. 978, 986, 1000) were all normal. Moreover, as noted by the ALJ, the last time Dr. Arain treated Plaintiff in February 2020, Dr. Arain advised Plaintiff to see his primary care physician to look for other causes of Plaintiff's symptoms because Plaintiff "has been extensively worked up including an echocardiogram and nuclear stress test with … another cardiologist which was negative" (R. 1000).

As also noted by the ALJ, Dr. Arain's opinion conflicted with other parts of the record, including diagnostic tests that showed normal left ventricular ejection fraction on a cardiac MRI (R 432), no obstructive disease on a cardiac MRI (R. 374), normal to mild concentric left ventricular hypertrophy on echocardiograms (R. 820, 1131), and a normal stress test (R. 1131). Additionally, a cardiologist documented Plaintiff's near resolution of cardiac symptoms with only rare and short-lasting palpitations present, and a normal heart rhythm (R. 359, 374, 378).

To be sure, Plaintiff has pointed the Court to a variety of record evidence that the ALJ might have used to reach a different conclusion regarding Dr. Arain's opinions. On review, however, this Court cannot reweigh conflicting evidence or substitute its judgment for that of the ALJ. *See Mitchell*, 771 F.3d at 782. The mere fact that some of the evidence conflicted with the ALJ's conclusion does not serve as a basis for remand. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that [Plaintiff] points to other evidence which would undermine the ALJ's RFC determination, [Plaintiff's] contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from re-weighing the evidence or substituting our judgment for that of the Commissioner even if the evidence preponderates against the decision.") (cleaned up). The Court finds no error in the ALJ's evaluation of Dr. Arain's opinion.

### 3. Visual Limitations

Plaintiff next points to evidence that he suffered from visual limitations, including the medical opinion of state agency physician, Dr. David Guttman, M.D., who opined that Plaintiff had limited right field of vision (DE 16 at 17-16; R. 938-39). The ALJ discussed Dr. Guttman's

6

opinion in his written decision, finding it "not persuasive" because it was "neither supported by the consultant's summary of the record nor consistent with the record" (R. 19).

The Court finds no error because substantial evidence supported the ALJ's conclusion. As the ALJ noted, Plaintiff had 20/50 vision in his right eye without glasses during his consultative exam; the examiner noted that the pinhole test is normally performed only when vision falls below 20/50; and Plaintiff told the examiner that he owned glasses but had left them at home (an indication that he did not use or need glasses) (R. 13, 1333). The Court therefore finds no error in the ALJ's evaluation of Dr. Guttman's opinion.

### 4. Manipulative Limitations

Plaintiff next points to evidence that showed he suffered from manipulative limitations, including Plaintiff's own testimony and a May 2019 physical examination that demonstrated reduced grip strength (DE 16 at 19; R. 462). Plaintiff argues that the ALJ erred by formulating an RFC that failed to incorporate these manipulative limitations (DE 16 at 19). The Court again disagrees and finds the ALJ's conclusion to be supported by substantial evidence. As the ALJ pointed out, for example, in September 2019 and December 2020, Plaintiff demonstrated normal grip strength in both upper extremities (R. 18, 711, 1334). The Court therefore finds no error in excluding manipulative limitations from the RFC.

### 5. Mental Limitations

Finally, Plaintiff points to evidence that showed he had previously been diagnosed with and treated for mental conditions (DE 16 at 18; R. 1233, 1304). The ALJ considered Plaintiff's mental limitations at step two of the sequential analysis and found them to be "nonsevere" (R. 13).

Plaintiff nevertheless argues the ALJ erred by failing to incorporate mental limitations, whether severe or nonsevere, into the RFC (DE 16 at 18).

The Court again disagrees and finds the ALJ's conclusion to be supported by substantial evidence. For example, the ALJ noted that Plaintiff did not allege disability based on mental impairment at the time he applied for benefits (R. 13, 239). Likewise, at the hearing, Plaintiff's representative confirmed that Plaintiff sought disability solely for physical issues, not mental issues (R. 41). Moreover, Plaintiff's mental health treatment had been very limited, consisting of only one instance of treatment from a mental health professional (R. 13, 239, 41, 1070-72, 1258-60). The Court finds no error in excluding mental limitations from the RFC.

### B. Evaluation of Plaintiff's Subjective Complaints

Plaintiff next argues the ALJ erred in evaluating Plaintiff's subjective complaints (DE 16 at 20). The SSA provides that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…." 42 U.S.C. § 423(d)(5)(A). When a claimant attempts to prove disability based on subjective complaints, the claimant must provide evidence of an underlying medical condition as well as objective medical evidence confirming the severity of the alleged symptoms or evidence establishing that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 404.1529(a), (b).

If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that he or she has an impairment that could reasonably be expected to produce the alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and its effect on the claimant's ability to work. *See* 20 C.F.R. § 404.1529(c), (d). The ALJ "must clearly 'articulate explicit and adequate reasons'" for

discounting a claimant's allegations of disabling symptoms and limitations. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote*, 67 F.3d at 1561). Courts "will not disturb a clearly articulated [subjective complaint] finding supported by substantial evidence." *Mitchell*, 771 F.3d at 782.

Here, the ALJ discounted Plaintiff's subjective complaints because they were inconsistent with the record evidence (R. 18). Specifically, the ALJ noted that, "after two hospitalizations for cardiac issues in 2018 [Plaintiff's] cardiac condition appeared to improve with no major episodes or complications" (R. 18). Plaintiff attacks this conclusion on two grounds, both of which the Court finds unpersuasive.

First, Plaintiff argues that contrary to the ALJ's factual finding, his cardiac condition *did not* improve after 2018 (DE 16 at 20). The Court finds no error on this point because substantial evidence supported the ALJ's finding, including the following: in 2019, a cardiac MRI showed a normal left ventricular ejection fraction of 59% (R. 432); in 2019, Plaintiff's cardiologist noted near resolution of symptoms with rare, short lasting palpitations (R. 359); in 2019, Plaintiff's cardiologist noted resolved tachycardia-induced cardiomyopathy (R. 622); in 2019, an echocardiogram showed normal systolic function with a left ventricular ejection fraction of 56% and only mild concentric left ventricular hypertrophy (R. 820); in 2020, Plaintiff's cardiologist advised him to follow up with primary care for his chest pain because he had been extensively worked up, including an echocardiogram and nuclear stress test that were negative (R. 1004); and a later echocardiogram in 2020 showed normal left ventricular size with an estimated ejection fraction of 60-65%, mildly dilated left atrium, and mild regurgitation (R. 1159).

Next, Plaintiff argues the ALJ placed undue emphasis on the medical evidence when discounting his subjective complaints, citing *Conklin v. Colvin*, No. 3:15CV191/MCR/EMT, 2016 WL 11475129, at *2 (N.D. Fla. Aug. 29, 2016). On review, however, *Conklin* does not support Plaintiff's position. In *Conklin,* the court addressed the application of 20 C.F.R. § 1529(c)(2), which provides:

> **Consideration of objective medical evidence.** Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption. Objective medical evidence of this type is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work. We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. *However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements*.

(emphasis added). The *Conklin* court ultimately concluded the ALJ committed no error in discounting a claimant's subjective complaints because the complaints "contravened the medical history and evaluations from physicians in the record." *Id.* at *12.

More recently, the Eleventh Circuit addressed the proper application of 20 C.F.R. § 404.1529(c)(2) in a case where a district court discounted a claimant's subjective complaints based on, inter alia, inconsistency with the record evidence. *Yanes v. Comm'r of Soc. Sec.*, No. 20-14233, 2021 WL 2982084, at *7 n.14 (11th Cir. July 15, 2021). In responding to the claimant's argument that the ALJ violated 20 C.F.R. § 404.1529(c), the Eleventh Circuit held that this section "merely stands for the proposition that a claimant's statements will not be rejected solely because the statements are not corroborated by the medical evidence—which is a very different circumstance

from when the claimant's statements are *inconsistent* with the medical or other evidence of record." *Id.*

The same logic applies here. The ALJ did not discount Plaintiff's subjective complaints based on the absence of objective medical evidence. Rather, the ALJ discounted Plaintiff's subjective complaints based on inconsistency with the objective medical evidence (R. 18). The Court therefore finds no error.

### C. Hypothetical Posed to the VE

Finally, Plaintiff argues the ALJ erred by relying on answers to improper and incomplete hypothetical questions posed to the VE (DE 16 at 21-22). Plaintiff relies on *Winschel*, 631 F.3d at 1180, for the proposition that ALJ hypothetical questions must include "all of the claimant's impairments." Plaintiff argues the ALJ failed to do so here because the ALJ failed to incorporate all of the mental and physical impairments previously discussed in sections III.A and III.B above (DE 16 at 21).

The Court disagrees. For the reasons already discussed above, the Court finds the RFC to be supported by substantial evidence and based on proper legal standards. ALJ hypotheticals need not include impairments that the ALJ has found unsupported by the evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("The ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."). Accordingly, the Court finds no error.

### IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, the undersigned **RECOMMENDS** as follows:

    1. Consistent with the Court's ruling, Plaintiff's Motion for Summary Judgment

(DE 16) be **DENIED**, and the Commissioner's Motion for Summary Judgment (DE 18) be **GRANTED**.

2. The Commissioner's final decision be **AFFIRMED.**

3. Final judgment be entered in Defendant's favor.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of May 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE